# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 06 C 01392 | **DATE** | 1/4/2012 |
| **CASE TITLE** | Belbachir vs. County of McHenry, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to unseal documents [382] is granted, in part. The court adopts the recommendations contained in the report prepared by the United States. The parties are ordered to re-file appropriate documents electronically in the court file in conformity with this order. Appropriately redacted versions of all previously sealed motions, responses, and associated memoranda or exhibits are to be re-filed by January 18, 2012. Parties are instructed to file items as an amended document on the CM/ECF system and link them back to the appropriate docket entry. Replies remain due February 3, 2012 and should be filed in conformity with this order and the government's report. The parties should not send courtesy copies to the court. The briefing schedule and timeline for the motions will not be affected by this order. All future filings should comply with the government's report until further order of the court. Parties have 14 days from service, as calculated under Rule 6, to file objections with Judge Reinhard pursuant to Fed. R. Civ. P. 72. Any objection not made within the 14 day time frame may be waived for the purposes of appeal. Objections need not be presented as stated in L.R.5.3.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

# STATEMENT

This matter is before the court on Plaintiff's motion to unseal certain documents in the court files of the two cases filed by Plaintiff regarding the same underlying facts. Case number 06 C 1392 ("2006 case") and case number 08 C 50193 ("2008 case") were consolidated for the purposes of discovery on June 18, 2009. Distilled, Plaintiff's complaints allege that the Defendants' negligence proximately caused the death of Hassiba Belbachir, a foreign national of Algerian descent who had been denied re-entry into the United States by immigration officials and detained at the McHenry County Jail.

On August 15, 2011, the McHenry County Defendants and the Centegra Health Care Defendants each filed motions for summary judgment in the 2006 case. On August 16, 2011, the Centegra Defendants filed a motion to dismiss under Rule 12. On August 18, 2011, the United States Defendants filed a motion for summary judgment in the 2008 case. Because the allegations and factual materials were intertwined among the Defendants, the parties were given leave to cross-reference each other's Rule 56.1 statements of fact. All or parts of each motion for summary judgment or motion to dismiss, along with accompanying exhibits and memoranda, were filed under seal because the United States indicated that certain materials were subject to protective orders entered in these cases. The McHenry County and Centegra Defendants, seeking to avoid

contravention of the United States' opinion that certain materials should remain under seal, similarly filed their motions under seal.

On August 19, 2011, Plaintiff filed a motion to unseal all of the documents related to Defendants' various motions. Plaintiff correctly argued that there is a "presumption of public access to discovery materials" filed in the court file, irrespective of the protective order governing discovery among the parties. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). At a hearing before the court on August 24, 2011, the court emphasized that Seventh Circuit case law has established specific guidelines as to the types of materials that may be filed under seal. *See, e.g., Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002); *Union Oil Co. of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000). Counsel for Defendants acknowledged that certain materials had been filed under seal in an abundance of caution out of respect for purported security interests of the United States. Pursuant to Local Rule 37.2 and by agreement of the parties, the court allowed the United States time to compile a report of all materials it believed should remain under seal pursuant to Seventh Circuit case law. On November 9, 2011, after the United States completed its report, the court allowed the other parties in the cases to submit comments within 14 days.

The 29-page report from the United States acknowledges that the majority of the materials associated with the motions for summary judgment should not remain under seal. In some instances the United States instead suggests filing unsealed documents containing redactions, for example, to conceal the names of federal law enforcement personnel or detainee safety information. Plaintiff's comment on the report essentially objects to all of the suggested redactions and to any portions of any documents or deposition transcripts being left out of the public record. Plaintiff argues that certain personnel have already been identified through other documents in the court record, and that Defendants have cited to no authority that justifies any other redactions or limitations on public filings.

The court has reviewed all of the materials and comments submitted by the parties, and finds that the report of the United States is appropriate. These cases encompass a tragic and highly sensitive situation. On one hand, the parties have to navigate the facts and testimony surrounding the events leading to Ms. Belbachir allegedly taking her own life. On the other hand, there are valid security interests put forward by the United States in protecting certain law enforcement and national security information.

The court also finds there to be safety concerns related to certain publicity this case has received. The top result for a search of Ms. Belbachir's name using a popular search engine reveals a story insinuating that she was murdered by government employees. Junaid M. Afeef, *The detention & murder of Hassiba Belbachir*, June 13, 2005, www.altmuslim.com/a/a/a/2223 (last visited Jan. 4, 2012). Numerous articles, discussions, and forums have arisen with regard to this case over the course of more than six years. The accusatory theories presented in public forums heightens the potential for safety or privacy concerns with regard to individuals who were allegedly involved in this incident.

The proposed redactions and limitations in the government's report appear to be relatively limited and would result in very few documents remaining under seal. The Seventh Circuit placed on emphasis on keeping open to public view those documents that "affect the disposition of federal litigation." *In re Specth*, 622 F.3d at 701. Those materials that would remain hidden from public view include the names of specific individuals and documents revealing certain details about internal operating procedures or reviews of government immigration processes. Such documents are unlikely to affect the disposition of this case. In weighing the particular security and privacy interests against the relatively limited redactions, the court finds the government's report appropriate.

The parties are ordered to re-file appropriate documents electronically in the court file in conformity with this order. Appropriately redacted versions of all previously sealed motions, responses, and associated memoranda or exhibits are to be re-filed by January 18, 2012. Replies remain due February 3, 2012 and should be filed in conformity with this order and the government's report. The parties should not send courtesy copies to the court. The briefing schedule and timeline for the motions will not be affected by this order. All future filings should comply with the government's report until further order of the court. Parties have 14 days from service, as calculated under Rule 6, to file objections with Judge Reinhard pursuant to Fed. R. Civ. P. 72. Any objection not made within the 14 day time frame may be waived for the purposes of appeal. Objections need not be presented as stated in L.R.5.3.

*/s/ P. Michael Mahoney*

| | |
|---|---|
| Courtroom Deputy Initials: | BTJ |