## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 1392 | **DATE** | 1/31/2012 |
| **CASE TITLE** | Belbachir vs. Centegra, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendants' motion to dismiss is denied.

■[ For further details see text below.]   Electronic Notices.

### STATEMENT - OPINION

Plaintiff, Abdelkader Rachid Belbachir, the administrator of the estate of Hassiba Belbachir, brings this wrongful death action as a pendant state claim against defendants, Centegra Health System, Dr. Chandragupta Vedak, Barbara Svitak, Marcia Middleton Kaplan and Vicki Frederick. Hassiba Belbachir, plaintiff's decedent, committed suicide March 17, 2005, while being held in the McHenry County Jail pending deportation proceedings. Jurisdiction is premised on 42 U.S.C. § 1983 and 28 U.S.C. § 1367.

Defendants move to dismiss for lack of subject matter jurisdiction claiming plaintiff does not represent the real party in interest, Azzedine Mehaya. Defendants claim Mehaya is Hassiba Belbachir's surviving spouse. Defendants argue plaintiff is not the proper party because the affidavit of heirship plaintiff filed in the Illinois probate case did not name Hassiba's husband, Mehaya, as her heir and that Mehaya, as Hassiba's surviving spouse, is the only heir and the only person possessing a wrongful death claim under Illinois law for her death. Defendants contend that because the heirs (Hassiba's father and siblings) declared by the Illinois court, were declared based on the plaintiff's erroneous affidavit of heirship, that they are not actually the heirs of Hassiba. Defendants argue that accordingly, the plaintiff, as administrator of an estate for the benefit only of individuals who are not heirs of Hassiba and who, therefore, have no wrongful death claim, cannot be the real party interest for purposes of Fed. R. Civ. P. 17 (a). Defendants maintain this requires the case to be dismissed.

The Illinois Wrongful Death Act, which defendants assert governs both the federal and state law claims in this matter (Def. Reply [392], p.5) provides that an action for wrongful death "shall be brought by and in the names of the personal representatives of such deceased person" and "shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person." 740 ILCS 180/2. The personal representative is a fiduciary under the Wrongful Death Act and has an obligation "to identify and notify those individuals who are the proper eligible beneficiaries of the wrongful death award." Johnson v. Provena St. Therese Medical Center, 778 N.E.2d 298, 306 (Ill. App. 2002). Defendants challenge the right of plaintiff to be named administrator by the probate court and the accuracy and completeness of information plaintiff presented to that court. But, those are matters that need to be, and were, taken up with the probate court. The probate court did not alter its order appointing plaintiff administrator and this court lacks the authority to change the probate court's appointment. See Hahn v. Walsh, No. 09 CV 2145, 2009 WL 5215599, * 13 (C.D. Ill. Dec. 29, 2009).

For purposes of the Wrongful Death Act the phrase "next of kin" means "those blood relatives of decedent in

**STATEMENT - OPINION**

existence at decedent's death who would take decedent's property if decedent had died intestate." In Re Estate of Finley, 601 N.E.2d 699, 701 (Ill. 1992). Under Illinois law, if the decedent left a surviving spouse but no descendants, the entire estate passes to the surviving spouse. 755 ILCS 5/2-1 (c). Accordingly, under the Wrongful Death Act, when there are no descendants, the surviving spouse takes to the exclusion of all others, including blood relatives. Mio v. Alberto-Culver Co., 715 N.E.2d 309, 313 (Ill. App. 1999). If a decedent leaves no surviving spouse or descendants, then the decedent's parents and siblings take the entire estate. 755 ILCS 5/2-1 (d). While the identity of the beneficiaries of a wrongful death claim depends on who survives the decedent, the identity of the person who must bring the wrongful death claim does not vary. It is the decedent's personal representative. 740 ILCS 180/2; Will v. Northwestern Univ., 881 N.E.2d 481, 492-93 (Ill. App. 2007).

  Fed. Rule Civ. P. 17 (a) requires that any action be prosecuted in the name of the real party in interest. Rule 17 (a) (1) (B) expressly provides that an administrator may sue in his own name "without joining the person for whose benefit the action is brought." Plaintiff was appointed administrator of Hassiba's estate in an Illinois state court probate proceeding. He is the decedent's personal representative. Since Illinois provides that the administrator of a decedent's estate is the proper party to bring a wrongful death action, Will v. Northwestern Univ., 881 N.E.2d 481, 492-93 (Ill. App. 2007), and plaintiff is the administrator, plaintiff is the proper person to bring this action. Plaintiff's authority to bring this action does not rest on who the beneficiaries of the wrongful death claim are.

  Ultimately, this wrongful death action is about protecting the legal right of Hassiba's "survivors to be compensated for the pecuniary loss they may have sustained by reason of [her death.]" Johnson, 778 N.E.2d at 305. The compensation awarded in a wrongful death action is an amount deemed to be "a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person." 740 ILCS 180/2. Plaintiff will bear the burden of establishing that a statutory beneficiary (surviving spouse or next of kin) suffered such pecuniary injuries. As a fiduciary for the statutory beneficiaries, plaintiff has the obligation to identify and notify the proper eligible beneficiaries. Johnson, 778 N.E.2d at 306. If he fails to do so, he may face an action for breach of fiduciary duty from an eligible beneficiary whose pecuniary loss goes uncompensated due to plaintiff's failure to identify and notify that beneficiary.

  Defendants' argument is that Mehaya is such an unnotified beneficiary and, because he is the surviving spouse, he is the only statutory beneficiary. However, it is not established that he is Hassiba's surviving spouse. The Illinois Probate Act provides that an order "declaring heirship is prima facie evidence of the heirship, but any other legal method of proving heirship may be resorted to by any party interested therein in any place or court where the question may arise." 755 ILCS 5/6-1. An Illinois court has declared Hassiba's father and siblings her sole heirs and that order is prima facie evidence that they are. Defendants have presented evidence of some kind of marriage but that evidence does not in itself, as a matter of law, prove Hassiba was legally married to Mehaya at the time of her death. At most it shows that she may have been married or that at least some people believed her to have been married though it is far from clear whether the marriage entered or believed to have been entered was legal in the country of its making or merely religious and not legally binding. It has not been proven at this point that Hassiba left a surviving spouse.

  For the foregoing reasons, defendants' motion to dismiss is denied.