# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 06 C 1392 | DATE | 11/29/2012 |
| CASE TITLE | Belbachir vs. County of McHenry, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, plaintiff's motion for judgment pursuant to Fed. R. Civ. P. 54(b) is denied as moot. The Centegra Defendants' motion to reconsider is denied. The court relinquishes supplemental jurisdiction over the negligence claim in Count VIII and the respondeat superior claim in Count XI and these claims are dismissed without prejudice. Judgment shall enter on the court's orders [539] [540] of September 28, 2012. This case is terminated.

*Philip G. Reinhard*

■[ For further details see text below.]    Electronic Notices.

## STATEMENT - OPINION

Defendants, Centegra Health Systems, Dr. Chandragupta Vedak, Barbara Svitak, Marcia Middleton Kaplan, and Vicki Frederick ("Centegra Defendants") move [545] for reconsideration of the court's 9/28/2012 order [539] to the extent it denied the Centegra Defendants' motion for summary judgment as to the state-law wrongful death (Count VIII) and respondeat superior claims (Count XI) of plaintiff Abdelkadar Rachid Belbachir as administrator of the estate of Hassiba Belbachir, deceased. Plaintiff moves [543] for entry of a final judgment as to fewer than all of the claims and parties, pursuant to Fed. R. Civ. P. 54(b), to allow him to appeal the claims on which summary judgment was granted for defendants in this case. Plaintiff and the Centegra Defendants have also briefed the question whether, in the event the motion to reconsider is denied, the court should relinquish supplemental jurisdiction over the remaining state-law claims.

The Centegra Defendants argue it was error to allow a wrongful death claim based on negligence to survive their summary judgment motion. They contend a negligence claim was not pled by plaintiff, only a wilful and wanton claim, and, therefore, they had no reason to seek summary judgment on a claim not made.

The third amended complaint alleged in Count VIII that "[t]he wrongful death of Hassiba Belbachir was proximately caused by the neglect, default, and/or wilful and wanton conduct" of the defendants. It alleges Frederick, Kaplan, Svitak and Vedak were health care providers employed by Centegra to provide services at the jail. It alleges she met with Kaplan who determined her to be a suicide risk and with Frederick whom she told she was suicidal and who diagnosed her with major depression. It alleges these defendants "with specific notice of Ms. Belbachir's ongoing physical and mental health medical problems as well as her risk of suicide; failed to offer or procure appropriate medical intervention and failed to insure that Ms. Belbachir received the medical attention she needed for her serious, immediate and life threatening conditions." These allegations are sufficient to put the Centegra Defendants on notice of plaintiff's claim they negligently performed their duty of care to her as medical providers.

**STATEMENT - OPINION**

While the main focus of this case was certainly directed elsewhere, primarily on the federal claims and the deliberate indifference standard, the negligence claim is in the complaint. The Centegra Defendants did not address this claim when they moved for summary judgment and granting summary judgment on that claim would, therefore, be inappropriate.

The Centegra Defendants argue they are entitled to qualified immunity even if the negligence claim is considered to have been properly pled. They cite Williams v. O'Leary, 55 F.3d 320, 323-24 (7th Cir. 1995) in support but Williams dealt with a federal deliberate indifference claim. It is not clear why qualified immunity would be an issue in a state-law negligence claim.

"Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits." Cortezano v. Salin Bank & Trust Co., 680 F.3d 936, 941 (7th Cir. 2012). "When the resolution of these claims is clear, nonetheless, the court may choose to decide them." Id. The resolution of the remain state-law claim is not clear. Significant issues of state law concerning whether a standard of care was breached and whether any breach proximately caused Hassiba's death must be resolved. The court does not see any compelling reason to depart from the general rule of relinquishing jurisdiction. Accordingly, the remaining state-law claims are dismissed without prejudice. This renders plaintiff's motion for entry of a final judgment as to fewer than all the claims and fewer than all the parties pursuant to Fed. R. Civ. P. 54(b) moot.

For the foregoing reasons, plaintiff's motion for judgment pursuant to Fed. R. Civ. P. 54(b) is denied as moot. The Centegra Defendants' motion to reconsider is denied. The court relinquishes supplemental jurisdiction over the negligence claim in Count VIII and the respondeat superior claim in Count XI and these claims are dismissed without prejudice. Judgment shall enter on the court's orders [539] [540] of September 28, 2012. This case is terminated.